UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBI IRVIN,

    Plaintiff,

v.                                          Case No:   8:15-cv-1696-T-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## **OPINION AND ORDER**

    Plaintiff, Bobbi Irvin, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.**   **Social Security Act Eligibility**

    The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for SSI on August 23, 2007, alleging disability beginning January 6, 2003. (Tr. 706, 888). Plaintiff's application was denied initially and on reconsideration. (Tr. 39-40, 706). At Plaintiff's request, an administrative hearing was held before Administrative Law Judge Peter C. Edison on July 23, 2009. (Tr. 22-38). On October 21, 2009, ALJ Edison entered a decision finding that Plaintiff was not under a disability from the alleged onset date through the date of the decision. (Tr. 12-21). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on January 27, 2011. (Tr. 4-6). Plaintiff filed suit in the United States District Court for the Middle District of Florida and the case was remanded for further proceedings. (Tr. 784-89). The Appeals Council remanded the case to an ALJ for additional proceedings. (Tr. 784-89).

On September 24, 2013, another hearing was held, this time before ALJ Donald J. Smith ("the ALJ"). (Tr. 728-47). On November 4, 2013, ALJ Smith issued a decision finding that Plaintiff was not disabled. (Tr. 706-27). On May 18, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 695-98). On July 20, 2015, Plaintiff initiated the instant action by Complaint (Doc. 1) on July 20, 2015. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 23, 2007, the application date. (Tr. 709). At step two, the ALJ found that Plaintiff had the following severe impairments: lung QT syndrome, status-post pacemaker implant, degenerative disc disease associated with cervicalgia, status-post left shoulder surgery, and depression. (Tr. 709). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 710).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform less than full range of light work as defined in 20 CFR 416.967(b). She is able to lift twenty pounds occasionally and ten pounds frequently; she can stand or walk for six hours and sit for six hours in an eight-hour workday. She is precluded from climbing ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and frequently reach with the left upper extremity. She must avoid hazardous machinery and heights, as well as extreme cold, vibration, and pulmonary irritants. The claimant also is limited to performing simple and detailed task, but not complex tasks; she can handle ordinary and routine changes in work settings or duties; she can have frequent interaction with the public, coworkers, and supervisors; and she can maintain concentration for two hours before needing a ten minute break.

(Tr. 711). At step four, the ALJ found that Plaintiff was not capable of returning to her past relevant work as a case manager. (Tr. 717).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 718). In reaching this decision, the ALJ relied on the testimony of a vocational expert who identified three jobs that Plaintiff could perform given her RFC, specifically, the jobs of "small products assembler," cashier II," and "ticket taker." (Tr. 718). The ALJ concluded that

Plaintiff had not been under a disability, as defined in the Social Security Act, since August 23, 2007, the date the application was filed. (Tr. 719).

**II.     Analysis**

Plaintiff raises a single issue on appeal, i.e., whether the ALJ erred in his RFC analysis by failing to properly consider Plaintiff's symptoms of fatigue and tiredness. (Doc. 24 p. 6). Plaintiff contends that the ALJ did not give adequate reasons for discounting Plaintiff's complaints of daytime somnolence and fatigue and such statements should be accepted as true as a matter of law. (Doc. 24 p. 7). Plaintiff argues that while she may be able to perform the jobs identified by the VE at the administrative hearing, she could not perform those jobs on a consistent basis if she periodically had to take naps during the day. (Doc. 24). In response, Defendant argues that the ALJ properly considered Plaintiff's complaints of fatigue, lack of energy, and exhaustion, and substantial evidence supports the ALJ's credibility determination. (Doc. 25 p. 5-9).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. [citations omitted] Failure to articulate the reasons for

discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d at 1225. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno v. Astrue*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

In his opinion, the ALJ acknowledged Plaintiff's allegations of fatigue, lack of energy, and exhaustion (Tr. 713, 716) but determined that these statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Tr. 712). The Court finds that this finding is supported by substantial evidence. Despite Plaintiff's complaints, the record reveals that Plaintiff frequently showed good mental status findings, including coherent thought and speech, normal motor activity, intact attention and focus, and observations that Plaintiff was fully alert. (Tr. 393, 397, 404, 57-78, 580, 583, 666, 668, 670, 672-73, 675, 714, 978, 981, 983). Treatment notes from Suncoast Center for Community Mental Health from December 4, 2012, show that Plaintiff reported intolerable daytime sedation while taking Seroquel XR, which she had started taking only after she ran out of her regular medication, Seroquel. (Tr. 947). The ALJ noted that other treatment notes reflected that Plaintiff denied any side effects from medication when taking her regular prescription of Seroquel and that she was responding well to her prescribed medications. (Tr. 671-72, 715-16, 947, 955, 957-58, 964, 973, 975, 978, 981, 983).

In addition, the ALJ considered the opinion evidence of record in finding that Plaintiff's allegations were not entirely credible. The ALJ discussed the findings of two state agency mental health consultants, Carol Deatrick, Ph.D., and Martha Putney, Ph.D., who each reviewed the record evidence and assessed Plaintiff's mental functioning. (Tr. 424, 622, 715). The ALJ noted that Dr. Deatrick opined in November 2007 that Plaintiff could perform work on a sustained basis if limited to routine tasks, and Dr. Putney opined in February 2008 that Plaintiff could perform at least moderately complex mental tasks, with no specific limitations on performing work within these limitations on a sustained basis. (Tr. 424, 622, 715). The ALJ accorded these opinions great weight, noting that these assessments are supported by the records from Plaintiff's treating mental health provider at Suncoast Center for Community Mental Health, who noted that Plaintiff responded well to the medication therapy and has remained stable when complaint with the regiment and abstinent from drug and alcohol abuse. (Tr. 715).

The ALJ also considered Plaintiff's activities of daily living in determining Plaintiff was not fully credible. (Tr. 716). The ALJ noted that Plaintiff reported that she was able to live alone, take care of her personal care activities, shop for groceries, drive, and walk two blocks and climb a flight of stairs for weekly exercise, and testified that she did chores for her brother and regularly went boating with him. (Tr. 167-68, 170-71, 716, 732-33, 737, 741-42, 1368, 1377, 1424, 1431). The ALJ stated that "[n]o treating source as advised [Plaintiff] to stay home all day, lie down throughout the day, or to restrict her movement in any manner." (Tr. 717). Nor had Plaintiff "been advised to refrain from performing all gainful work activity." (Tr. 717).

It was Plaintiff's ultimate burden to establish that she was disabled. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a) and (c)). Plaintiff failed to carry her burden of establishing that she was disabled and the ALJ's finding that Plaintiff's

subjective complaints of fatigue, lack of energy, and exhaustion were not entirely credible was supported by substantial evidence.  Accordingly, the Court finds it appropriate to affirm the Commissioner's decision.

### III.     Conclusion

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties